IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARA BRITTIN<br>1483 Wayne Drive<br>West Chester, PA 19382 | : | CIVIL ACTION |
| Plaintiff | : | NO.  12-3743 |
| v. | : | |
| WELLS FARGO BANK,<br>NATIONAL ASSOCIATION<br>d/b/a Wells Fargo (formerly Wells<br>Fargo Bank Minnesota, National<br>Association)<br>Wells Fargo Center<br>N93 Sixth and Marquette<br>Minneapolis, MN  55479 | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant | : | |

## AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction of this case under 28 U.S.C. §1331 because it involves the Age Discrimination in Employment Act ("A.D.E.A."), 29 U.S.C. 621, *et seq*. It has supplemental jurisdiction of the state law claims herein.

2. Venue is proper in the Eastern District of Pennsylvania because both Plaintiff lives in Chester County, the incidents in question occurred in Chester County, and Defendant employed Plaintiff in Chester County.

3. Plaintiff has exhausted her administrative remedies by pursuing this matter before the Equal Employment Opportunity Commission. She has timely filed this action within 90 days after receiving a "right to sue" letter and filing this action within 90 days of April 4, 2012. See Exhibit A.

### PARTIES

4. Plaintiff is Sara Brittin, a resident of Chester County, Pennsylvania who lives at 1483 Wayne Drive, West Chester, Pennsylvania, 19382.

5. Defendant is Wells Fargo Bank, National Association, d/b/a Wells Fargo (formerly Wells Fargo Bank Minnesota, National Association) which has a principal office at 1502 West Chester Pike, West Chester, Pennsylvania, 19382 and a service address of c/o Corporation Service Company, 2704 Commerce Drive, Suite B, Harrisburg, Pennsylvania 17110.

### FACTUAL BACKGROUND

6. Plaintiff was employed with Defendant.

7. Plaintiff worked for Defendant at 1502 West Chester Pike, West Chester, Pennsylvania, for over three years and for the Defendant's predecessor bank for twenty years.

8. Plaintiff is in a protected class, age, in that her age was 59 at the time of the adverse actions in this Complaint.

9. Plaintiff was written up for three relatively small items.

10. Plaintiff was fired after an incident where her manager said she fell asleep, but her head merely nodded.

11. Plaintiff was terminated because of her age.

12. Plaintiff's hours were then split between a current much younger part-time employee named Ben making him full-time and another employee.

13. Plaintiff suffered wage loss damages, loss of benefits, pain, suffering and humiliation.

## COUNT I

### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

14. Plaintiff incorporates paragraphs 1 through 13 herein by reference.

15. Defendant meets the requirement for number of employees in an action under the ADEA.

16. On or about July 5, 2011, Defendant terminated Plaintiff because of her age, 59, in violation of the ADEA.

17. Plaintiff suffered damages as a result of Defendant's conduct.

18. Plaintiff has sustained compensatory damages such as pain, suffering and humiliation.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) damages for pain, suffering, humiliation, and emotional distress; (7) punitive damages; and (8) other costs of the action.

## COUNT II

### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### AGE DISCRIMINATION

19. Plaintiff incorporates paragraphs 1 through 18 herein by reference.

20. Defendant meets the requirement for number of employees in an action under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, *et seq.*, for age discrimination.

21. Plaintiff was terminated because of her age, 59, in violation of the PHRA.

22. Plaintiff suffered damages as a result of Defendant's conduct.

23. Plaintiff has sustained compensatory damages such as pain, suffering and humiliation.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) damages for pain, suffering, humiliation, and emotional distress; (7) punitive damages; and (8) other costs of the action.

Respectfully submitted,

WUSINICH & BROGAN

Dated: 8/16/2012

BY: s/Edward C. Sweeney
Edward C. Sweeney, Esquire
Attorney for Plaintiff
I.D. No. 64565
537 West Uwchlan Avenue, Suite 200
Downingtown, PA  19335
(610) 594-1600
Validation of signature code: ECS1942

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARA BRITTIN<br>1483 Wayne Drive<br>West Chester, PA 19382 | : | CIVIL ACTION |
| Plaintiff | : | NO.  12-3743 |
| v. | : | |
| WELLS FARGO BANK,<br>NATIONAL ASSOCIATION<br>d/b/a Wells Fargo (formerly Wells<br>Fargo Bank Minnesota, National<br>Association)<br>Wells Fargo Center<br>N93 Sixth and Marquette<br>Minneapolis, MN  55479 | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Edward C. Sweeney, certify that the original Plaintiff's Amended Complaint was filed in paper form and on disk and sent to the following recipient on the date noted below:

Clerk, United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA  19106-1797

and a true and correct copy of Plaintiff's Amended Complaint was sent via first class mail, postage prepaid, to the following counsel of record for the Defendant on the date noted below:

5

Paul Lancaster Adams, Esquire
Julie A. Donahue, Esquire
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1735 Market Street, Suite 3000
Philadelphia, PA  19103

WUSINICH & BROGAN

Date: 8/16/2012                    BY: s/Edward C. Sweeney
                                        Edward C. Sweeney, Esquire
                                        Attorney for Plaintiff

# EXHIBIT A

EEOC Form 161 (rev 2/17/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Sara Brittin
1483 Wayne Drive
West Chester, PA 19382

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2012-00233 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   Your charge was not timely filed with EEOC. In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____   4/4/12
Spencer H. Lewis, Jr., District Director   *(Date Mailed)*

Enclosure(s)
   Information Sheet

cc:   WELLS FARGO BANK
       Edward C. Sweeney, Esq. (for Charging Party)
       Garcelia F. Brannon, EEO Consultant, (for Respondent)